IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**ROCKY JOE CALDWELL,**

    Plaintiff,

vs.

**CHARLES PALMER, BRAD WITTROCK AND MARY BENSON**,

    Defendants.

**No. 14-CV-4050-DEO**

**INITIAL REVIEW ORDER**

_____

I. **INTRODUCTION AND BACKGROUND**

This matter is currently before the Court on Rocky Caldwell's [hereinafter Mr. Caldwell's] Motion for Leave to Proceed in Forma Pauperis, Docket No. 1; Motion for Appointment of Counsel, Docket No. 2; and 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 1. The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO,
 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 8, 2014.

**II.  IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a).  The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs.  28 U.S.C. § 1915(a)(1).  However, prisoners must meet certain requirements in order to have their filing fee waived.  28 U.S.C. 1915(a)-(b).  A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ."  28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id.  However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners.  They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11).  Accordingly, individuals held due to civil commitment under I.C.A. § 229A

---

[2]   Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 8, 2014.

2

are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also <u>Kansas v. Hendricks</u>, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.

3

> violent predator act is not a prisoner
> within meaning of PLRA). Accordingly, the
> PLRA provides no basis for the dismissal of
> [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). The Plaintiff's application substantially meets the above requirements. The Plaintiff's Motion to Proceed in Forma Pauperis is **granted**. **The Clerk of Court shall file and serve the Plaintiff's Complaint according to the attached service forms. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be

---

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

5

v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

The Plaintiff argues that he does not want to have medical services provided by Nurse Mary Benson and that the Defendants have failed to treat pain in his legs and feet.

6

## V. ANALYSIS

### A. Medical Care by Nurse Benson

In his Complaint, Mr. Caldwell argues that he does not like Nurse Benson, that she is mean to him, and he is scared of her. He requests that the Court have her fired or force CCUSO to use other medical personal instead. That request is beyond the power of the Court. Under 42 U.S.C. § 1983, the Court has the power to address and fix alleged constitutional violations. The fact that Mr. Caldwell does not like, and does not get along with, Nurse Benson does not rise to a constitutional violation. Accordingly, that portion of his Complaint must be dismissed.

### B. Feet and Leg Pain

The Plaintiff is alleging a violation of his civil rights under 42 U.S.C. § 1983. Mr. Caldwell argues that the Defendants, the administrators and medical professionals at CCUSO, have violated his rights while acting under the color of government authority. As stated above, Mr. Caldwell specifically alleges that the Defendants have failed to treat chronic pain in his legs and feet.

At the outset, the Court notes that, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. In the context of inmate medical-care claims, Courts have stated that:

> [t]he Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). It thus requires that the government provide "medical care for those whom it is punishing by incarceration." Id. at 103. The Eighth Amendment safeguards the prisoner against a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." Id. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. Id. at 104.

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) (parallel citations omitted). This deliberate indifference standard is used routinely in prisoner cases related to medical care.

Courts also apply the deliberate indifference standard to civilly committed individuals. See Senty-Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006), which applied the deliberate indifference standard to a medical-care claim raised by a patient involuntarily committed as a sexually violent predator under the 14th Amendment. See also Scott v. Benson, 742 F.3d 335, 339 (8th Cir. 2014), stating, "where a patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment. Senty-Haugen, 462 F.3d at 889-90."

Under the deliberate indifference standard, Mr. Caldwell must show the Defendants were deliberately indifferent to a serious illness or injury. Senty-Haugen, 462 F.3d at 889. A successful deliberate indifference claim is comprised of both an objective and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, Mr. Caldwell must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). In

the medical care context, this objective element is satisfied when a plaintiff demonstrates that his medical need itself was sufficiently serious. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Second, Mr. Caldwell must establish that the defendants acted with a "'sufficiently culpable state of mind'" to support liability under § 1983. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Although negligence or inadvertence will not support a deliberate indifference claim, a plaintiff need not establish that officials actually intended harm from the failure to provide adequate care. Walker, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to [the plaintiff] and disregarded the risk." Greeno, 414 F.3d at 653. A successful plaintiff need not show that he was literally ignored in his demands for medical treatment, and a defendant's showing that a plaintiff received some treatment does not resolve the issue conclusively if the treatment was "blatantly inappropriate." Greeno, 414 F.3d at 653-54 (internal citations and quotation omitted). Finally, the Eighth Amendment "protects [a plaintiff] not only from deliberate indifference to his or her current serious health

10

problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health." Board v. Farnham, 394 F.3d 469, 479 (7th Cir. 2005). "Deliberate indifference must be measured by the official's knowledge at the time in question, not by 'hindsight's perfect vision.'" Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011) (citing Lenz v. Wade, 490 F.3d 991, 993 n.1 (8th Cir. 2007)).

As stated above, to show deliberate indifference, Mr. Caldwell must first show that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." Walker, 293 F.3d at 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when a plaintiff demonstrates that his medical need itself was sufficiently serious. Gutierrez, 111 F.3d at 1369. Accordingly, to succeed in his claim, Mr. Caldwell must show that he has a significantly serious medical condition and that the Defendants acted with a sufficient culpable state of mind.

As was discussed above, at this early stage of the case, the Court must take Mr. Caldwell's allegations as true and can

11

only dismiss the case if there is no way, given those facts, that the Plaintiffs can prevail. In this case, it is clear that Mr. Caldwell's leg/foot pain could be a serious medical condition. It is also true, given Mr. Caldwell's allegations, that the Defendants could be violating Mr. Caldwell's rights by refusing to treat his pain. Accordingly, the Court will allow Mr. Caldwell's claim to proceed past the initial review stage. However, the Court notes that to ultimately succeed in his claim, Mr. Caldwell must show that his pain is sufficiently serious such that the Defendants' failure to treat it amounted to a constitutional violation.

## VI. APPOINTMENT OF COUNSEL

Mr. Caldwell also filed a pro se Motion to Appoint Counsel.[6] 28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this

---

[6] The Court notes that Mr. Caldwell specifically requested attorney Robert Tiefenthaler, who previously represented Mr. Caldwell on case 12-CV-4115-DEO. Plaintiffs cannot choose what lawyer may be appointed to their case. In any event, Mr. Tiefenthaler has declined participation in the Court's "2014-2015 Contract for 42 U.S. Code §1983 Case Representation" (AO No. 14-AO-0007). Therefore, Mr. Tiefenthaler is not an option the Court can consider for an attorney appointment (contract covers case appointments made from September 1, 2014, to September 30, 2015) in a 42 U.S.C. §1983 case.

Court's discretion.  Given Mr. Caldwell's current financial situation and the nature of his claim, his Motion for Appointment of Counsel, Docket No. 2, is **GRANTED**.  **The Court hereby appoints an attorney Pamela Wingert under Library Fund Administrative Order No. 14-AO-0007.  After consulting with the Plaintiff regarding the nature of the alleged claim, appointed counsel will file an Amended Complaint specifically setting out the Plaintiff's legally viable claims within 45 days.**

**VII. CONCLUSION**

For the reason set out above, the Plaintiffs' application to proceed in forma pauperis, Docket No. 1, is **GRANTED**.  The Plaintiff's 42 U.S.C. § 1983 Complaint is allowed to proceed as described above.  The Plaintiff's Motion to Appoint Counsel, Docket No. 2, is **GRANTED**.  Appointed counsel will file an Amended Complaint within **45 days**.

**IT IS SO ORDERED** this 9th day of October, 2014.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

# NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **ROCKY JOE CALDWELL,** | |
| Plaintiff, | No. 14-CV-4050-DEO |
| v. | |
| **CHARLES PALMER, BRAD WITTROCK, AND MARY BENSON,** | |
| Defendants. | |

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __10/9/14__.

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __9th day of October__, 2014.

> __/s/ djs, Deputy Clerk__
> Signature (Clerk's Office Official)
> Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_10/9/14\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ROCKY JOE CALDWELL,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES PALMER, BRAD WITTROCK AND MARY BENSON,**<br><br>Defendants. | No. 14-CV-4050-DEO |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_10/9/14\_\_\_\_, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____ Signature _____
 Printed name _____
 As _____ of _____
   (Title)      (Entity)

**Address Form**

Case Number: 14-CV-4050-DEO                Date: __10/9/14_____

To:     Clerk of Court
RE:     Service on Named Defendants

       Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**